IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONY RAY WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-0188-CV-W-ODS ) |
| WATER SERVICES H.R.D., et al., | ) ) |
| Defendants. | ) |

## ORDER AND OPINION (1) DEFERRING CONSIDERATION OF DEFENDANT TERRY LEEDS' AND DEFENDANT MIKE KLENDER'S MOTIONS TO DISMISS; (2) GRANTING DEFENDANT WATER SERVICES H.R.D.'S MOTION TO DISMISS; AND (3) DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Pending is Defendant Terry Leeds' Motion to Dismiss (Doc. # 3), Defendant Mike Klender's Motion to Dismiss (Doc. # 7), and Defendant Water Services H.R.D.'s Motion to Dismiss (Doc. # 10). The Court defers consideration of Defendant Leeds' and Defendant Klender's Motions to Dismiss (Docs. # 3 and # 7) and grants Defendant Water Services H.R.D.'s Motion to Dismiss (Doc. # 10). Finally, Plaintiff is directed to file an Amended Complaint.

## I. BACKGROUND

The facts alleged in the Complaint construed in the light most favorable to the Plaintiff indicate the following: The case arises out of alleged unlawful employment practices against Plaintiff by Defendants Terry Leeds ("Leeds"), Mike Klender ("Klender"), and Water Services H.R.D. ("the Department"). Specifically, Plaintiff alleges he was wrongfully denied the opportunity to rescind his retirement. Plaintiff also alleges he was subject to "continued retaliation and harassment in the workplace from recent history of (3) particular events at Water Services Department." Complaint, (Doc. # 1) (Statement of Facts Attachment), at 1. Then, Plaintiff describes two incidents in which he alleges Klender acted without regard to Water Department policy and/or acted

unsafely, and one incident in which Klender purportedly "seemed to be irritated" about attending a meeting to address an adjustment to Plaintiff's salary. *Id.* The former two events "were talked about with my supervisor and in a different meeting mentioned to M.K.'s supervisor." *Id.* Plaintiff concludes that "these are reasons for M.K to deny continued employment," and alleges Klender was "instrumental if not the reason for the final decision not to [allow Plaintiff to] rescind" his retirement." *Id.* The Complaint also alleges Leeds "indicated that he was unwilling to grant [Plaintiff's] request [to rescind his retirement], without giving the reason." *Id.* Finally, the Complaint alleges Plaintiff delivered an "intake letter" to the Equal Employment Opportunity Commission ("EEOC") on December 26, 2012, and a "notice of suit rights" was issued by the EEOC on January 2, 2013, and by the Missouri Commission of Human Rights ("MCHR") on January 14, 2013. Complaint, (Doc. # 1), at 3. However, Plaintiff has not provided a copy of any right-to-sue letter he may have received, which is a requirement for suing under Title VII and the Missouri Human Rights Act.

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint

2

> pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950. Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Defendants Leeds' and Klender's Motions to Dismiss

Defendants Leeds and Klender move for dismissal because Plaintiff has failed to file a charge of discrimination with the EEOC. Further, even if Plaintiff has exhausted his administrative remedies, Defendants argue Plaintiff has failed to state a claim upon which relief can be granted. The Court defers consideration of Defendants Leeds' and Klender's Motions to Dismiss and directs Plaintiff to file an Amended Complaint.

In order to initiate a claim under Title VII a party must exhaust his administrative remedies by 1) timely filing a charge of discrimination with the EEOC setting forth the facts and nature of the charge, and 2) receiving a right-to-sue letter. *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). "Exhaustion of administrative remedies entitling a claimant to bring a cause of action . . . requires a claimant to give notice of all claims of discrimination in the administrative complaint." *Id.* (internal quotations omitted). In this case, assuming Plaintiff is only bringing claims of employment discrimination and retaliation, it is unclear whether he has exhausted his administrative remedies. Defendants contend Plaintiff has failed file a charge with the

EEOC, but the Complaint notes that an "intake letter" was delivered to the EEOC on December 26, 2012, and a "notice of suit rights" was issued by the EEOC on January 2, 2013. Further, the Complaint notes that a "notice of suit rights" was issued by MCHR on January 14, 2013. Accordingly, if Plaintiff received a right-to-sue letter from either the EEOC or the MCHR then Plaintiff shall attach them to his Amended Complaint.

Next, assuming Plaintiff has exhausted his administrative remedies, a review of the Complaint shows that Plaintiff attempts to bring claims for retaliation and harassment. However, the Complaint as it stands fails to plead facts to support those claims. "To prove a retaliation claim, a plaintiff must show (1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection existed between the two events." *Green v. Franklin Nat'l Bank*, 459 F.3d 903, 914 (8th Cir. 2006) (quotation omitted.). To state a claim for harassment, a plaintiff "must demonstrate that: (1) he is a member of a protected class; (2) unwelcome harassment occurred; (3) there is a causal nexus between the harassment and his protected-group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) [the defendant] knew or should have known of the harassment and failed to take prompt and effective remedial action." *Robinson v. Valmont Indus.*, 238 F.3d 1045, 1047 (8th Cir. 2001).

Here, Plaintiff has failed to state a retaliation claim because the Complaint has failed to allege that Plaintiff engaged in a statutorily protected activity. Further, Plaintiff has failed to state a claim for harassment because the Complaint does not allege any facts to show that Plaintiff is a member of a protected class or that unwelcome harassment occurred.

Finally, Plaintiff has not identified the statutory scheme under which his suit is brought. In the interest of justice, the Court will permit Plaintiff to file an Amended Complaint that specifically identifies the theories (including the statutory scheme) he believes entitles him to relief and facts that support those claims. Accordingly, the Court defers consideration of Defendant Leeds' and Klenders' Motions to Dismiss.

B. Defendant Water Services H.R.D.'s Motion to Dismiss

Defendant Water Services H.R.D. ("the Department") contends the claims against it should be dismissed because it is a subdivision of the City of Kansas City and not an entity that can be sued. In *Jordan v. City of Kansas City*, the Missouri Court of Appeals addressed this issue and ruled: "The [Neighborhood and Community Services] Department is not a legislatively created entity but is an administrative arm of the City which lacks a legal identity apart from the City." *Jordan v. Kansas City*, 929 S.W.2d 882, 888 (Mo. Ct. App. 1996). The Court concluded that the Department is not an entity which can be sued. *Id.* The same reasoning applies in this case. The Water Services Department, including its Human Resource Division, lacks a legal identity apart from the City of Kansas City and is not an entity that can be sued. *See Jones v. City of Kansas City, MO.*, No. 04-310-CV-W-GAF, 2004 WL 3688476 (W.D. Mo. June 16, 2004) (holding that the Missouri Public Works Department, the Motor Equipment Division of the Public Works Department, the Missouri Human Relations Department, and the Missouri Human Resource Department are only branches of the City of Kansas City and are not separate, independent entities which can be sued). Accordingly, the Court grants Defendant Water Services H.R.D.'s Motion to Dismiss. However, Plaintiff is free to add the City of Kansas City as a Defendant in his Amended Complaint. Of course, Plaintiff will be responsible for serving the City.

IV. CONCLUSION

The Court defers consideration of Defendant Leeds' and Defendant Klender's Motions to Dismiss. The Court grants Defendant Water Services H.R.D.'s Motion to Dismiss because it is not an entity that can be sued. Plaintiff is directed to file an Amended Complaint identifying the specific legal theories under which entitle him to relief, and the facts relating to those claims. Plaintiff's Amended Complaint should be filed on or before June 12, 2013. Plaintiff's failure to file an Amended Complaint by the deadline will warrant dismissal of the case.

IT IS SO ORDERED.

DATE: May 23, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT