IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TONY RAY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-0188-CV-W-ODS |
| | ) | |
| WATER SERVICES H.R.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND OPINION (1) GRANTING DEFENDANT LEEDS' AND DEFENDANT
KLENDER'S MOTIONS TO DISMISS (DOCS. # 23 & 25); AND DENYING AS MOOT
DEFENDANTS' INITIAL MOTIONS TO DISMISS (DOCS. # 3 & 7).

Pending are Defendant Terry Leeds' Motion to Dismiss (Doc. # 25) and
Defendant Mike Klender's Motion to Dismiss (Doc. # 23). The Motions are granted.
Defendants' initial Motions to Dismiss (Doc. # 3 & 7) are denied as moot.


I. BACKGROUND


The facts alleged in the Amended Complaint construed in the light most
favorable to Plaintiff indicate the following: The case arises out of alleged unlawful
employment practice against Plaintiff by Defendants City of Kansas City, Terry Leeds
("Leeds"), and Mike Klender ("Klender"). Specifically, Plaintiff alleges he was wrongfully
denied the opportunity to rescind his retirement. Plaintiff alleges he was subject to
retaliation and harassment by Defendant Klender. Amended Complaint, ¶ 5. ("Mike
Klender was, I believe expressing . . . retaliation and harassment, because I had
concerns and challenged his decision on why he violated the Established Safety Lock-
out Tag-out Policy"). Plaintiff further alleges that he "complained, internally . . . [of]
unlawful discrimination and retaliation, for complaining internally about M. Klender's
management practice." *Id.*, ¶ 9. The internal complaint regarding Defendant Klender's
management practices appears to relate to work-related safety, in particular, the "Lock-
Out & Tag-Out Policy." *Id.*, ¶ 5. Nowhere in the Amended Complaint does Plaintiff

specifically reference Defendant Terry Leeds. Instead, Plaintiff asserts broadly that Defendants did not "approv[e] my rescinding of my retirement request." *Id.*, ¶ 5.

On March 22, 2013, Klender and Leeds filed their first Motions to dismiss (Docs. # 3 & 7). On May 23, 2013, this Court entered an Order and Opinion (Doc. # 20) deferring consideration of the motions to dismiss and directed Plaintiff to file an Amended Complaint. On June 6, 2013, Plaintiff filed an Amended Complaint (Doc. # 21). On June 13, 2013, Klender and Leeds filed the pending Motions to Dismiss (Doc. # 23 & 25).

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950. Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Retaliation

"To prove a retaliation claim, a plaintiff must show (1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection existed between the two events." *Green v. Franklin Nat'l Bank*, 459 F.3d 903, 914 (8th Cir. 2006) (quotation omitted.). "Protected conduct is defined by federal law, which prohibits a [ ] [defendant] from discriminating against an employee who has opposed any practice made unlawful by Title VII, or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the statute." *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 684 (8th Cir. 2012) (internal quotations omitted).

Here, Plaintiff has failed to allege any facts in his Amended Complaint to support a claim of retaliation. Plaintiff has failed to allege that he engaged in a statutorily protected activity. Instead, Plaintiff makes a conclusory allegation that "I engaged in activity protected by the FLSA." Amended Complaint, p. 2. Plaintiff's assertion that he "complained, internally . . . [of] unlawful discrimination and retaliation, for complaining internally about M. Klender's management practices" does not set forth facts to establish that he opposed a practice made unlawful by Title VII, participated in an investigation, proceeding, or hearing under Title VII. Plaintiff's allegation that he complained about Klender's management practices in relation to the "Lock-Out & Tag-

Out Policy" is not "statutorily protected activity" under Title VII's anti-retaliation provision. Plaintiff has also failed to allege that any adverse employment action was taken again him and has not set forth any facts to show a causal connection between a statutorily protected activity and the decision to not allow Plaintiff to rescind his retirement. Accordingly, Plaintiff has failed to state a claim for retaliation.

## B. Harassment

To state a claim for harassment, a plaintiff "must demonstrate that: (1) he is a member of a protected class; (2) unwelcome harassment occurred; (3) there is a causal nexus between the harassment and his protected-group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) [the defendant] knew or should have known of the harassment and failed to take prompt and effective remedial action." *Robinson v. Valmont Indus.*, 238 F.3d 1045, 1047 (8th Cir. 2001). Here, Plaintiff has failed to allege any facts to show that he is a member of a protected class or that unwelcome harassment occurred. Plaintiff has failed to state a claim for harassment against any Defendant.

## IV. CONCLUSION

Plaintiff has failed to state a claim for retaliation or harassment against any of the Defendants. The Court grants Defendants' Motions to Dismiss (Docs. # 23 & 25). For the same reasons above, Plaintiff has failed to state a claim against the City of Kansas City upon which relief can be granted. Accordingly, the Amended Complaint is dismissed in its entirety. The initial Motions to Dismiss (Docs. # 3 & 7) are denied as moot.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 23, 2013                    UNITED STATES DISTRICT COURT